UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

La'Quedrick As-Sidiq,

      Petitioner,

v.

Caitlyn Hurlock, Brian Melton, and Mark Empting,

      Respondents.

Civil No. 25-CV-1971 (JWB/SGE)

**REPORT AND RECOMMENDATION**

---

This case is before the Court on Petitioner La'Quedrick As-Sidiq's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, Dkt. No. 1 ("Petition"). For the reasons discussed below, the Court recommends denying the Petition and dismissing this action.

In November 2024, authorities in Minnesota's Clay County charged Mr. As-Sidiq with several drug-related offenses. *See* Compl. 1–2, *State v. As-Sidiq*, No. 14-CR-24-3925 (Minn. Dist. Ct. Nov. 5, 2024).[1] He is currently being held as a pretrial detainee at the Clay County Correctional Facility in Moorhead, Minnesota. *See* Pet. 1. No trial date has been set, but the parties have submitted briefing on a motion to dismiss that is now under advisement. *See* Register of Actions, *State v. As-Sidiq*, No. 14-CR-24-3925 (Minn. Dist. Ct.),

---

[1] Some documents cited in this Report and Recommendation are not included in this case's docket. But a court may take judicial notice of public records from state-court proceedings. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Moore v. Beltz*, No. 25-CV-1077 (MJD/LIB), 2025 WL 1314251, at *1 n.1 (D. Minn. Apr. 3, 2025) (citing cases).

*available at* https://publicaccess.courts.state.mn.us/CaseSearch (last accessed May 12, 2025).

The Petition does not offer much detail, but it appears to raise four claims. First, Mr. As-Sidiq argues that the bail conditions set in his case are excessive under the U.S. Constitution's Eighth Amendment. *See* Pet. 6. Second, he seems to assert that the investigation leading to his arrest violated the Fourteenth Amendment's Equal Protection Clause. *See id.* Third, he claims that he did not have a lawyer at a hearing in November 2024, which he says violated his Sixth Amendment rights. *See id.* Finally, he alleges that certain unspecified seizures of his property violated the Fifth Amendment. *See id.* at 7. As relief, Mr. As-Sidiq asks the Court to order his release from custody and dismiss the state charges against him. *See id.*

People in state custody usually challenge that custody through 28 U.S.C. § 2254, not § 2241. This is because § 2254 specifically applies to habeas petitions filed "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). But Mr. As-Sidiq properly filed under § 2241, since § 2254 only applies to people who are being held under a state-court judgment. No such judgment has been entered against Mr. As-Sidiq (because he is a pretrial detainee), so § 2241 is the correct statute for bringing his claims. *See, e.g.*, *Smith v. Gordon*, No. 24-CV-2714 (JMB/SGE), 2024 WL 4444731, at *3 (D. Minn. Oct. 8, 2024) (citing cases), *report and recommendation adopted*, 2024 WL 4870383 (D. Minn. Nov. 22, 2024); *Konz v. Witt*, No. 23-CV-0679 (ECT/DTS), 2024 WL 1312512, at *2 n.1 (D. Minn. Feb. 28, 2024), *report and recommendation adopted*, 2024 WL 1308788 (D. Minn. Mar. 27, 2024).

For its part, § 2254 requires habeas petitioners to first use all available state-court remedies before seeking relief under that statute. *See, e.g.*, 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (discussing exhaustion requirement). Although § 2241 has no such express requirement, courts have consistently held that when people in state custody file a § 2241 petition, "principles of comity and federalism" still require them to exhaust available state-court remedies before turning to federal court. *See, e.g.*, *Olson v. Washington County*, No. 12-CV-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013) (collecting cases); *see also, e.g.*, *Hogquist v. Mercy Hosp.*, No. 21-CV-2080 (SRN/TNL), 2021 WL 5042501, at *1 (D. Minn. Oct. 12, 2021) (citing *Olson*), *report and recommendation adopted*, 2021 WL 5042081 (D. Minn. Oct. 29, 2021).

Here, it is clear that Mr. As-Sidiq has not used all of his available state-court remedies. As explained above, his state case is still pending, and there is no sign that he has pursued any appeals in the state courts that could satisfy the exhaustion requirement. *Cf. Fisherman v. Minnesota*, No. 21-CV-0735 (NEB/JFD), 2021 WL 7161829, at *4 (D. Minn. Nov. 15, 2021) ("In Minnesota, a petitioner's claims must be presented to both the Minnesota Court of Appeals and the Minnesota Supreme Court before a federal court may entertain them.") (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)), *report and recommendation adopted*, 2022 WL 542451 (D. Minn. Feb. 23, 2022). For this reason, the Court recommends denying the Petition. Because of that recommendation, the Court also recommends denying Mr. As-Sidiq's application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, as moot.

## RECOMMENDATION

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner La'Quedrick As-Sidiq's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, be **DENIED**.

2. Mr. As-Sidiq's Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. No. 2, be **DENIED** as moot.

3. This action be **DISMISSED.**

Dated: May 13, 2025

*s/Shannon G. Elkins*_____
SHANNON G. ELKINS
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).